

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. C. Randle
County Attorney, Ellis County
Waxahachie, Texas


Dear Sir:                    Attention: Mr. F. L. Wilson
                                       Assistant County Attorney


                             Opinion No. O-6228
                             Re:  Does the County Board of School
                                  Trustees have the authority to
                                  determine the number of scholastic
                                  pupils necessary to operate a
                                  school in a common school district?

                                  Does the County Board of School
                                  Trustees have the right to change
                                  the classification of an elementary
                                  school already classified to a
                                  school of no classification?

        We are in receipt of the following letter from Mr.
Wilson:

        "We are requested to get an opinion from you on
the following two questions:

        "Question One (1): Does the County Board of
School Trustees have the right and authority to de-
termine the number of scholastic pupils necessary to
operate a school in a Common School District?

        "Question Two (2): Does the County Board of
School Trustees have the right to change the classi-
fication of an elementary school already classified,
to a school of no classification?

        "We will appreciate your opinion on these two
questions as the parties desire your opinion and not
the opinion of this office."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In answer to your first question, you are advised that we have been unable to find any law authorizing the County Board of School Trustees to determine the number of scholastic pupils necessary to operate a school in a common school district. If any board has such authority it would be the district trustees. Article 2749, Vernon's Annotated Civil Statutes, provides that:

"Said trustees shall have the management and control of the public schools and public school grounds; and they shall determine how many schools shall be maintained in their school district, and at what points they shall be located; provided, that not more than one school for white children and one school for colored children shall be established for each sixteen square miles of territory or major portion thereof, within such district; and they shall determine when the schools shall be opened and closed."

This question is answered in the negative.

Article 2678a, reads, in part, as follows:

"The county board of school trustees, at the regular meeting in May of each year or as soon thereafter as practicable, shall classify the schools of the county, including those in independent school districts, in accordance with such regulations as the state superintendent may prescribe into elementary schools and high schools for the purpose of promoting the efficiency of the elementary schools and of establishing and promoting high schools at convenient and suitable places. In classifying the schools and in establishing high schools, said trustees shall give due regard to schools already located, to the distribution of population, and to the advancement of the students in their studies. * * *"

The above is the only authority we find with reference to the authority of the County Board to classify schools, and it is rather vague since it is qualified by the phrase "in accordance with such regulations as the State Superintendent may prescribe."

We have been advised by Mr. Robinson of the Department of Education that when the district trustees of a common school district determine that they do not wish to transfer the entire enrollment to another district and do not wish to conduct a school in their own district, it is the policy of the Department of Education to advise such district trustees to request the County Board of Trustees to classify their school as "no grade classification." We find no law authorizing such "no grade classification" unless this policy of the Department constitutes a "regulation" of the State Superintendent.

It is our opinion that the County Board of School Trustees does not have the authority to change the classification of an elementary school already classified to a school of "no classification" unless such action is requested by the trustees of the common school district.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _C. F. Gibson_

C. F. Gibson
Assistant

NOVEMBER 4, 1944

ATTORNEY GENERAL OF TEXAS

CFG:EP


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN